**JIANG SHI WENG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–5384–ag.

United States Court of Appeals, Second Circuit.

June 7, 2007.

Judy S. Resnick, Far Rockaway, N.Y., for Petitioner.

Jim M. Greenlee, United States Attorney for the Northern District of Mississippi, Samuel D. Wright, Assistant United States Attorney, Oxford, MS, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Jiang Shi Weng, a citizen of the People's Republic of China, seeks review of an October 25, 2006 order of the BIA affirming the April 29, 2005, decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Jiang Shi Weng,* No. A79 424 689 (B.I.A. Oct. 25, 2006), *aff'g* No. A79 424 689 (Immig. Ct. N.Y. City, April 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307.

Here, the IJ's adverse credibility determination was supported by substantial evidence. For example, Weng testified that he had never been sterilized, but submitted an affidavit from his wife stating that he had been. Even more fatal to Weng's credibility is his submission of a certificate (which the IJ determined to be fraudulent) showing his wife to have undergone an abortion despite his testimony that she was never forced to have an abortion, and Weng's subsequent claim that his brother made a mistake when obtaining the document, which Weng claims should have said that his wife was forced to have an intrauterine device inserted. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) ("a finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner"); *Matter of O–D–,* 21 I. & N. Dec. 1079 (BIA 1998).

As these inconsistencies, and others, bore directly on whether either Weng or his wife was ever sterilized, and thus upon whether he experienced past persecution or had a well-founded fear of future persecution, the adverse credibility determination was based upon "specific, cogent reasons" bearing a "legitimate nexus" to the finding. *See Secaida–Rosales,* 331 F.3d at 307. Weng's assertion that the IJ did not state specific or supported reasons for her adverse credibility finding is demonstrably false. Furthermore, a reasonable adjudicator would not be compelled to credit Weng's explanation for the inconsistencies, which amounted to bare statements that he and those providing evidence on his behalf made mistakes. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Weng's other arguments are similarly without merit. First, Weng's lengthy argument regarding corroboration is irrelevant because the IJ did not rest her adverse credibility determination on a finding that Weng's story was insufficiently corroborated; rather, she deemed him incredible based upon inconsistencies and discrepancies. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000) (although an adverse credibility determination may not be made solely based upon a lack of corroboration, such a determi-

nation may be based upon inconsistencies that go to the heart of an asylum claim). Second, Weng did not raise his due process argument before the BIA, and accordingly we will not consider it. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

Because the only evidence of a threat to Weng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Additionally, because Weng failed to present any independent evidence that he would be tortured if returned to China, the agency's denial of CAT relief was also proper.

For the foregoing reasons the petition for review is DENIED.